UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Alejandro CABRERA-Gallegos,<br><br>Defendant | Magistrate Docket No.<br><br>'08 MJ 0097<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **January 12, 2008** within the Southern District of California, defendant, **Alejandro CABRERA-Gallegos**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **14th** DAY OF **JANUARY 2008**

Nita L. Stormes
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Alejandro CABRERA-Gallegos

## PROBABLE CAUSE STATEMENT

On January 12, 2008, Border Patrol Agent A. Rodriguez responded to a seismic intrusion device activation in an area known as the "162 Trail". This area is located approximately two miles west of the San Ysidro, California Port of Entry and approximately 500 yards north of the United States/Mexico International Boundary.

Once in the area Agent Rodriguez searched the area and observed an individual, who was later identified as the defendant **Alejandro CABRERA-Gallegos,** lying in brush. Agent Rodriguez identified himself as a Border Patrol Agent and questioned the defendant as to his country of citizenship and nationality. The defendant admitted to being a citizen and national of Mexico without any immigration documents that would allow him to enter or remain in the United States legally. The defendant was arrested at approximately 9:20 P.M. and transported to the Imperial Beach Border Patrol Station for further processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **January 5, 2008** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights, which he stated he understood and was willing to answer questions without having an attorney present. The defendant stated that he is a citizen and national of Mexico not in possession of any immigration documents that would allow him to be or remain in the United States legally.